OPINION
Defendant-appellant Deward Wells appeals from the sentence imposed on his plea-bargained guilty conviction to voluntary manslaughter.
On June 30, 1997, defendant was indicted for murder for purposely causing the death of another resident in his rooming house. On the date scheduled for trial, defendant agreed, as part of a plea bargain, to plead guilty to the lesser charge of voluntary manslaughter. "Because of the seriousness of the case," the trial court asked the prosecutor to explain the circumstances of the homicide.
Relying on his conversations with defendants girlfriend and another witness, the prosecutor indicated that defendant killed the victim by repeatedly stabbing him four times with a knife after arguing with him about $5. Some of the stabbing to the victim may have occurred after the victim asked a bystander to call the police. The trial court accepted defendants guilty plea to the lesser charge of voluntary manslaughter, found him guilty, and referred the matter for presentence investigation.
In addition to counsel, the victims mother and sister, defendant, and his sister and nephew spoke at the sentencing hearing. At the conclusion of the sentencing hearing, the trial court stated that it would impose the maximum ten-year sentence. (Tr. 29-30.) Through newly appointed appellate counsel, defendant timely appeals this sentence and raises the following sole assignment of error:
 DEWARD WELLS HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCE IMPOSED IN THE CASE AT BAR, BECAUSE IT DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
This assignment is well taken.
Defendant argues the trial court did not make sufficient findings required by the felony sentencing statutes either to exceed the minimum sentence or to impose the maximum sentence for his crime. Under the circumstances, we are compelled to agree.See, e.g., State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72904, unreported.
As noted above, defendant was charged with the crime of murder by purposely killing the victim. This crime carries a potential indefinite sentence of fifteen-years-to-life imprisonment. R.C.2929.02 (B). Defendant, however, pled guilty to the lesser charge of voluntary manslaughter, a first degree felony. R.C. 2903.03
(B). When imposing sentence on defendant, the trial court properly noted that there is a presumption in favor of a prison term for first degree felonies such as voluntary manslaughter. R.C. 2929.13 (D). R.C. 2929.14(A) governs the length of felony prison terms and provides the following range for first degree felonies:
 (1) For a felony of the first degree, the prison term shall be three, four, five, five, six, seven, eight, nine, or ten years.
R.C. 2929.14(B) and (C), in turn, govern the imposition of minimum and maximum sentences within this statutory range. R.C.2929.14(B) relates to the minimum sentence and provides in pertinent part as follows:
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offenders conduct or will not adequately protect the public from future crimes by the offender or others. (Emphasis added.)
While the record may support such a finding in this case, neither the trial court's statements during sentencing, nor its journal entry imposing sentence, expressly satisfy the emphasized condition necessary to exceed the minimum statutory sentence. Although the trial court stated during the guilty plea hearing it recognized the "seriousness of the case," the statement was not made during sentencing and the trial court did not expressly find that imposing the minimum sentence would (1) demean the seriousness of defendants conduct or (2) fail to adequately protect the public from future crimes.
R.C. 2929.14(C) governs the imposition of the maximum statutory sentence, which the trial court imposed in the case at bar, and provides in pertinent part as follows:
 * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offender pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *. (Emphasis added.)
A review of the record likewise reveals that neither the trial court's statements during the sentencing hearing nor its journal entry of sentence expressly satisfies the emphasized condition necessary to impose the maximum condition. Our concern in the case at bar, however, extends beyond the failure of the trial court to make the required findings when it imposed sentence.
During the course of sentencing, the trial court referred to the fact that defendant was convicted of the lesser included offense of voluntary manslaughter, rather than the originally charged offense of murder. The court stated: "this court believes that in allowing a plea to voluntary manslaughter, mercy has been accorded the defendant and he has avoided a life term." (Tr. 30.) Defendant seizes on a potential ambiguity in this statement and argues the trial court relied upon improper criteria when sentencing him.
Courts have held that, when imposing sentence for a conviction on a lesser included offense, the trial court should not consider the higher offense for which the defendant was not convicted. See, e.g., State v. Patterson (1996), 110 Ohio App.3d 264,270-271. This is certainly true at least when, as in the case at bar, the charge for which the defendant has been acquitted has not been proven by a preponderance of the evidence. See United Statesv. Watts (1997). 519 U.S. 148. Defendant argues that the judge's statement indicates he based the sentence improperly on the higher offense.
On the other hand, the trial court's statement can be construed to indicate that what was on the judge's mind during sentencing was tailoring the sentence to fit the crime for which defendant was convicted, as well as the manner in which it was committed. Specifically, the judge's statement may well be in response to the defendants claim that his crime of voluntary manslaughter cannot be "the worst form of the offense" because his argument with the victim provoked the homicide.
The element of "serious provocation occasioned by the victim" is an element of the offense of voluntary manslaughter. Consistent with the trial judge's statement, this element of provocation reduces the crime from murder. Contrary to defendants argument, the existence of provocation, if any, does not further detract from the seriousness of the voluntary manslaughter offense. Thus the judge may have properly been clarifying that the conviction for the lesser offense of voluntary manslaughter would not bar a maximum sentence.
Under the circumstances of this case, it is possible that stabbing someone four times after an argument about five dollars constitutes "the worst form of the offense" of voluntary manslaughter, particularly if defendant resumed his stabbing when he heard the victim cry out for someone to summon emergency medical help.
Nevertheless, because the quoted statement may indicate an erroneous reliance on the murder charge for which no evidence had been presented and because the trial court did not clearly state its reasons for imposing the maximum sentence in this case, we believe that remand for resentencing is warranted. On remand, the trial court should impose an appropriate sentence, within the statutory range, by applying the correct statutory factors, making the necessary findings, and expressly stating its reasons for imposing its sentence for defendants particular offense.
Accordingly, defendants sole assignment of error is sustained.
Judgment reversed and remanded for resentencing.
This cause is reversed and remanded for resentencing.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE. J., and JAMES D. SWEENEY, J., CONCUR.
DIANE KARPINSKI, PRESIDING JUDGE