DECISION AND JUDGMENT ENTRY
Appellant, Alexander S. Cook, appeals from a judgment of the Lucas County Court of Common Pleas finding him guilty of the offense of involuntary manslaughter, a violation of R.C. 2903.04(a), a felony of the first degree, and imposing a maximum sentence of ten years.
Originally, appellant was indicted on one count of murder, a violation of R.C. 2903.02(A), and an alternative count of murder, a violation of R.C. 2903.02(B). Appellant pled not guilty to both charged offenses. However, appellant later withdrew his pleas of not guilty, entered a plea of no contest to the lesser included offense of involuntary manslaughter and was found guilty by the trial court. At the plea hearing, and in the presentence investigation report, the following relevant facts were revealed.
Appellant and his girlfriend were the residential managers of an apartment complex located on Auburn Street near Monroe Street in Toledo, Lucas County, Ohio. On August 29, 1999, the victim, John Harper, was discovered in one of the apartments smoking cocaine. It is undisputed that appellant was angry with Harper because at some prior point in time Harper allegedly offered cocaine to appellant's niece in exchange for sex.
On the day in question, appellant and at least three other individuals engaged in a "scuffle" with Harper, who initiated the struggle, and physically removed him from the building. According to the presentence investigation report, the altercation ended only after several residents of the apartment building yelled at appellant, telling him to stop beating the victim.
Harper left the apartment complex, but returned to retrieve his hat. He went to a convenience store. Appellant and the three other men followed Harper and confronted him at the corner of Auburn and Ottawa Drive, where appellant allegedly asked Harper "where the girl's money was." One of the other men struck the victim in the face with his fist after Harper threw a can of soda at him; the same man also admitted that he hit Harper in the face and on the head with a belt buckle. Harper ran toward the intersection of Auburn and Monroe Streets, but appellant caught him in the intersection and continued assaulting Harper. The other three individuals stopped fighting with the victim at some point during this period. However, appellant repeatedly struck Harper in the face and he fell backward, hitting his head on the curb. Appellant continued to assault the victim by "stomping" on Harper's face, head and throat as he lay in the street. Appellant then fled the scene. Witnesses moved Harper out of the street; he was found unconscious by an emergency medical squad and transported to the hospital where he was pronounced dead. The results of the coroner's autopsy disclosed that Harper died as the result of the injuries to his neck; specifically the cause of death was spinal cord shock, a condition caused by damage to the spinal cord that totally incapacitates the victim from the neck down.
Although appellant expressed penitence for his part in Harper's death, his report to the police minimized his conduct, and he attempted to place the responsibility for the deadly blow(s) on one of the other men involved in the dispute. Appellant declined to make an oral statement at the sentencing hearing. However, in a written statement, appellant claimed he was sorry but asserted that he was "defending himself" and that he was caught up in the "frenzy of the fight."
At appellant's sentencing hearing, the trial court, after hearing victim impact statements, statements from the prosecutor and appellant's attorney and considering the presentence investigation report, imposed the maximum sentence, ten years, allowed under R.C. 2929.14(A)(1). The court stated that this was one of the most violent, inhumane acts that he had ever seen, that appellant re-instituted the fight after it had ended, that appellant had opportunities to walk away from the fight and did not do so and that appellant failed to take responsibility for his actions.
The trial court verbally made the following findings.:
 "I've looked at the presentence report, as well as the principles and purposes of sentencing under Revised Code Section 2929.11 and I balanced the seriousness and recidivism factors under R.C. 2929.12, finding this to be more serious than less serious and recidivism to be more likely than less likely, noting that your client has previously been convicted of an assault charge, for which there was a probation violation, of felonious assault or attempted felonious assault."
 "This court finds that the defendant has been convicted of involuntary manslaughter, in violation of 2903.04(A), a felony of the first degree. The court further makes a finding pursuant to 2929.14(B) that the shortest prison term will demean the seriousness of the offense[1]
in view of the violent nature in which this death was caused, and therefore will not adequately protect the public and imposes a greater term.
 "The Court further makes a finding pursuant to 2929.14(C) that this defendant has committed the worst form of this offense, and it's hereby ordered that defendant serve a term of 10 years in prison."
The common pleas court included these findings in its judgment entry sentencing appellant to ten years in prison. The court further stated that in determining the appropriate sentence, it "balanced the seriousness and recidivism factors under R.C. 2929.12."
On appeal, appellant asserts the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING THE APPELLANT TO A MAXIMUM TERM OF IMPRISONMENT."
In his assignment of error, appellant contests the trial court's determination that he serve the maximum prison terms for his offense. Appellant argues that the trial court failed to consider certain relevant factors, such as mob mentality and provocation, that militate against the imposition of the maximum sentence. He contends that the real reason for imposing the ten year sentence is the fact that the court believed appellant received his "break" when he was allowed to plead no contest to a lesser included offense of murder. Therefore, appellant argues that he should have been sentenced to less than the maximum allowable terms of imprisonment.
Under Ohio law, a maximum term of imprisonment cannot be imposed unless certain factors, specifically found to exist by the trial court, are present. State v. Edmondson (1999), 86 Ohio St.3d 324, 328. In particular, and as applicable to this case, R.C. 2929.14(C) provides:
 "* * *[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, * * *."
An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d).
The trial court stated its reasons, as listed above, for its findings on the record during the sentencing hearing. While we agree with appellant that Harper may have provoked the altercation that occurred at the apartment building, the facts disclose that the struggle ended, and Harper left the scene. It was appellant and three other men who followed Harper and appellant who confronted the victim, asking him "about some money which was owed." Even after the other three individuals stopped assaulting Harper, appellant continued his assault, knocking the victim to the ground and stomping on the face and neck of the helpless man as he lay in the street. He then fled the scene, leaving Harper in the roadway. We conclude that this is clear and convincing evidence to support a finding that appellant committed the worst form of the offense of involuntary manslaughter.
Appellant asks this court to discount the serious physical nature of the harm he caused because involuntary manslaughter necessarily requires the death of the victim. Appellant's argument ignores the deliberate nature of the offense in this case and appellant's intention to inflict great pain and physical harm on the victim. Moreover, the record reveals a lack of substantial grounds, including mob mentality, to mitigate his conduct. Finally, the trial court's judgment does not rest on the fact that appellant received a "break" by pleading no contest to a lesser included offense. Cf. State v. Wells (1999), 133 Ohio App.3d 392.
In sum, the trial court made all of the requisite findings, and these findings are supported by clear and convincing evidence. Therefore, appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, Alexander S. Cook, is ordered to pay the costs of this appeal.
Melvin L. Resnick, J., James R. Sherck, J. Mark L. Pietrykowski, J., JUDGES CONCUR.
 ____________________________ JUDGE
[1] In reviewing numerous cases involving the finding required under R.C. 2929.14(B), this court discovered that trial courts are entering a finding that reads "the court finds that the shortest prison term will demean the seriousness of the offense" rather than "the court finds on the record that the shortest prison term will demean the seriousness ofthe offender's conduct." Emphasis added. Clearly, a comparison of the often-used phrase with the language of the statute discloses that the focus of each is not identical. We would therefore encourage trial courts to employ the language of R.C. 2929.14(B)in making the requisite finding. We note, however, that, in the case under consideration, the manner in which the trial court phrased this finding reflects that the court focused on appellant's conduct.