JOURNAL ENTRY AND OPINION
This is an appeal from an order by Judge Mary Jane Boyle sentencing Christian Halmi to concurrent maximum terms of imprisonment following his pleas of guilty to one count each of sexual battery, gross sexual imposition and corruption of a minor, all involving minor students. Halmi claims the five-year sentence for sexual battery is contrary to law because it was based upon charges that were dismissed and the evidence failed to support findings that he committed the worst form of the offense or was likely to re-offend. We affirm.
Halmi, born in January of 1964, and a teacher with the Cleveland Board of Education, taught seventh grade science classes at Charles A. Mooney Intermediate School from August 1993 to June 1996, and was head track coach and taught ninth and tenth grade science classes at John Marshall High School from August 1996 until he was indicted on December 28, 1999. In response to a complaint, the Cleveland Police Department Sex Crimes Unit conducted an investigation to determine if he had been molesting his students and he was then charged in a thirty-two count indictment for the following offenses:
 *Four counts of statutory rape, four counts of gross sexual imposition, eight counts of sexual battery, one count of sexual battery with a sexual predator specification, nine counts of corruption of a minor, one count of engaging in sexual conduct with a minor; all against a student at Charles A. Mooney Intermediate School;
 *Three counts of gross sexual imposition, and one count of sexual battery with a sexual predator specification, against, collectively, two students at John Marshall High.
Halmi eventually pleaded guilty to one count of sexual battery without a sexual predator specification, a felony of the third degree and one count each of gross sexual imposition and one count of corruption of a minor, both fourth degree felonies. The remaining charges were nolled.
According to the victim statement summaries contained in Halmi's presentence investigation report, the following events were alleged to have occurred:
 *One John Marshall High student alleged that Halmi forced him to grab his exposed penis after class, at which time the student left Halmi's empty classroom; *Another John Marshall High student alleged that, in October, 1998, he had asked Halmi for $10 so that he could buy a homecoming outfit, and Halmi gave it to him.
 Halmi led the student into a supply closet at the back of his classroom and performed fellatio on him; *Another student alleged that, when he was a seventh grader at Charles A. Mooney, Halmi had molested him repeatedly from February, 1996, until the end of that school year.
The presentence investigation report also contained Halmi's statement in which he admitted he engaged in mutual oral sex with this seventh grade student over a period of time, and that he had a John Marshall High student perform oral sex on him in March of 1998; that he had mutual oral sex with a second John Marshall High student in October 1998; Halmi expressed remorse for his actions.
He was sentenced to the maximum term of five years in prison on the sexual battery charge and the maximum term of eighteen months each on the gross sexual imposition and corruption of a minor charges with all sentences to run concurrently. He was also advised of post release controls and found to be a sexually oriented offender.[1] Because he was a first-time offender who has not previously served a term in prison, Halmi asserts two assignments of error, to be discussed together:
 I. APPELLANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE COURT IMPROPERLY BASED THE SENTENCE ON CHARGES WHICH WERE DISMISSED AS PART OF A PLEA BARGAIN, RATHER THAN ON THE CHARGES FOR WHICH APPELLANT WAS CONVICTED.
 II. THE TRIAL COURT IMPERMISSIBLY IMPOSED THE MAXIMUM SENTENCE BASED ON AN ERRONEOUS DETERMINATION THAT MR. HALMI HAD COMMITTED THE WORST FORM OF THE OFFENSE AND THAT HE WAS LIKELY TO REOFFEND, WHERE THE EVIDENCE DID NOT SUPPORT SUCH FINDINGS.
Halmi specifically addresses the sentence imposed for the sexual battery charge, arguing it was based upon the judge's consideration of the rape charges alleged in the indictment but nolled through the plea agreement or, alternatively, that insufficient evidence exists to support the judge's conclusion that he engaged in the worst form of the offense and was likely to reoffend.[2]
Under R.C. 2929.14(B), where the offender has not previously served a prison term, absent a finding that the imposition of the shortest prison term authorized for the offense would demean the seriousness of his offense, a judge shall impose the shortest prison term. The record reveals that the judge specifically made a finding that anything less than the maximum penalty would demean the seriousness of the offenses that Halmi committed because of, among other factors, his position of authority as a teacher and coach. We do not disagree with this finding, and hold that the judge satisfied the requirements of R.C. 2929.14(B) in refusing to impose the minimum prison term authorized for a felony of the third degree although Halmi had never served a term of imprisonment.
Sexual battery is defined as sexual conduct with another who is not the spouse of the offender, when * * * The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school * * *, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school.[3] In reaching her conclusion that Halmi deserved the maximum prison term for the offense of sexual battery, the judge considered the following factors found in R.C. 2929.12(B) relating to the seriousness of his offense:
 *That Halmi was a teacher and/or track coach at the schools attended by his victims, and betrayed a special relationship with the victims;[4]
 *That the young age of the victims resulted in amplified, extremely serious psychological harm;[5]
 *That Halmi's position as a teacher actually bestowed upon him a duty to prevent and/or report incidents of student sexual abuse that he discovered, and he was the actual perpetrator of the crimes;[6]
 *That the victims involved received benefits that the judge suspected to be linked to the sexual conduct between Halmi and his victims, such as food, money, or adjusted grades.[7]
Case law and the record supports the judge's express findings that Halmi committed the worst form of sexual battery. In State v. Hoagland,[8] the court affirmed a finding that a sexual abuser had committed the worst form of sexual battery in engaging in oral sex with thirteen and seventeen-year-old boys, based upon their minority and the significant, life-long psychological harm such abuse probably caused. In State v. Borders,[9] the court found ample evidence to support the conclusion that one who is involved in sexual battery of a thirteen-year-old girl committed the worst form of the offense due to her youth, the serious psychological harm inflicted as a result of the abuse, and the fact that the man had manipulated his status as a family friend in order to commit the two crimes. Most significantly, however, in State v. Ragans,[10]
the court affirmed the maximum prison sentence for sexual battery where the offender was a guard at a juvenile detention facility and abused a seventeen-year-old girl confined to a cell. The court held that the position of authority held by the offender, invested with a high degree of trust and confidence, coupled with the use of such a position to gain access to the victim, justified the imposition of the maximum five-year prison term.[11] In addition to the obvious nature of the psychological damage done to the victim, the court found that the offender's actions had compromised the integrity of the juvenile justice system, and, as such, warranted the most severe penalty authorized by law.[12]
In general, Halmi is correct in asserting that the Eighth District holds that offenses nolled as part of a plea agreement should not be considered in evaluating a defendant's sentence for the offenses admitted.[13] In State v. Wells, a defendant was charged with murder and pleaded guilty to a reduced charge of voluntary manslaughter. Wells, who had never been incarcerated, was given the maximum penalty for the offense because [t]his court believes that in allowing a plea to voluntary manslaughter, mercy has been accorded the defendant and he has avoided a life term.[14] The judge failed to find on the record that imposing the minimum term for a first-time inmate would either demean the seriousness of the offense or fail to adequately protect the public from future crimes, as mandated by R.C. 2929.14(B), and failed to find that Wells' conduct constituted the worst form of the offense of voluntary manslaughter, justifying the maximum penalty pursuant to 2929.14(C). This court noted,:
 Nevertheless, because the quoted statement may indicate an erroneous reliance on the murder charge for which no evidence had been presented and because the trial court did not clearly state its reasons for imposing the maximum sentence in this case, we believe that remand for resentencing is warranted. On remand, the trial court should impose an appropriate sentence, within the statutory range, by applying the correct statutory factors, making the necessary findings, and expressly stating its reasons for imposing its sentence for defendant's particular offense.[15]
The reasoning behind Wells does not apply to the case sub judice because the judge, while commenting that Halmi was lucky to have been offered the plea agreement, made specific findings indicating that anything less than the maximum prison term would demean the seriousness of the offenses to which Halmi plead guilty, satisfying the requirements R.C. 2929.14(B); and, independently, expressly stated why his sexual battery offense constituted the worst form of that particular crime under R.C. 2929.14(C).
Even where the State concedes it was error to consider evidence of offenses of higher degree nolled through a plea agreement, if the judge finds, independently and on the record, that the offenses to which the defendant pleaded were the worst form of the offense pursuant to R.C.2929.14(C), the imposition of a maximum prison term need not be reversed and remanded for resentencing.In State v. Wright,[16] a defendant was charged with, among other things, burglary, a second degree felony, and later pleaded guilty to burglary, a felony of the fourth degree. In sentencing the defendant to the maximum penalty for the fourth degree felony, the judge stated, `As far as I'm concerned, he committed a second degree felony, not a fourth degree felony. * * * As I look at this, since this is in fact a second degree felony this qualifies under the statute as the worst form of a fourth degree felony because it really is a second degree felony.' Id. While disapproving that statement, the court affirmed the imposition of the maximum sentence for burglary because the judge had also independently found that Wright had committed his offense while on shock probation, and as such the offense qualified as the worst form for sentencing purposes. The judge's error was insufficient grounds for reversal.
Similarly, in the case sub judice, the judge did state on the record the following:
 Clearly, it appears from the facts as cited in the presentence investigation report as well as the statements made by the victim, but namely the facts as contained in the PSI report, a rape of a child under thirteen years of age occurred here, at least once, if not on more than one occasion. According to the report it occurred on many more than one, two, or three occasions.
However, because of Halmi's eligibility for a minimum prison term and the requirement imposed upon the judge to consider the seriousness of his crime under 2929.14(B), she also adequately and independently found that the circumstances surrounding the statutory sexual battery of Halmi's victim justified the imposition of the maximum penalty possible for a felony of the third degree under R.C. 2929.14(C). We find, considering the whole record, that the findings and sentence handed down by the judge are supported by the record and are not contrary to law.
The concurring opinion is a siren's call to the rocks of error. The concurrence, through semantics, asserts that one can ignore State v. Edmonson[17] because it is much simpler, when sentencing an offender who has never before been incarcerated but who, in that judge's opinion, has committed a worst form of an offense, to merely be guided by R.C.2929.14(C) and completely bypass the minimum factors in R.C. 2929.14(B).
The trial judge in Edmonson did precisely what Judge O'Donnell urges and was found wanting.
We construe [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.[18]
Although one or more remarks by the trial court might be argued to support a finding that the three-year minimum sentence would demean the seriousness of Edmonson's conduct or that the public would not be adequately protected from his future crime, the trial court did not specify either of these reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence of three years. With this record, there is no confirmation that the court first considered imposing the minimum three-year sentence and then decided to depart * * * based on one or both of the permitted reasons.[19] By its very nature, R.C2929.14(B) must be addressed for that limited and unique number of offenders who are sentenced to more than the minimum term of initial imprisonment, and subsection (C), while applicable to a larger body of offenders, thereafter requires that the judge make finding supported by reasons justifying a maximum sentence.
Trial judges must adhere to both the letter and the spirit of the sentencing statutes nothwithstanding the temptation to do otherwise.
It is ordered that the appellee recover from appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Defendant's convictions having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., CONCUR; TERRENCE O'DONNELL, J., CONCURS SEPARATELY.
[1] As part of the plea bargain, the State agreed not to take a position on whether Halmi should be determined to be a sexual predator.
[2] R.C. 2929.14(C)
[3] R.C. 2907.03(A)(7).
[4] R.C. 2929.12(B)(3) and R.C. 2929.12(B)(5).
[5] R.C. 2929.12(B)(1) and R.C. 2929.12(B)(2).
[6] R.C. 2929.12(B)(4).
[7] R.C. 2929.12(B)(6).
[8] (Apr. 11, 2001), Summit App. No. 20262, unreported.
[9] (Aug. 7, 2000), Scioto App. No. 00-CA-2696, unreported.
[10] (May 11, 2001) Clark App. No. 2000-CA-55, unreported.
[11] Id.
[12] Id.
[13] See State v. Wells (1999), 133 Ohio App.3d 392, 728 N.E.2d 408; see also State v. Patterson, 110 Ohio App.3d 264, 673 N.E.2d 1001.
[14] Id. at 394-395, 728 N.E.2d at 410.
[15] State v. Wells, 133 Ohio App.3d at 395, 728 N.E.2d at 410-411.
[16] (2000), Cuyahoga App. No. 76596, unreported.
[17] (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
[18] Id. at 326, 715 N.E.2d 131.
[19] Id. at 328, 715 N.E.2d 133.