DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that found appellant guilty of one count of involuntary manslaughter in violation of R.C. 2903.04(A) and sentenced him to a term of imprisonment. For the reasons that follow, this court reverses the judgment of the trial court as to the sentence imposed.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR I
 "BRANDON KESSINGER HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW DUE TO IMPOSITION OF THE MAXIMUM SENTENCE IN NON-CONFORMANCE WITH OHIO'S SENTENCING LAWS.
"ASSIGNMENT OF ERROR II
 "BRANDON KESSINGER HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW DUE TO IMPOSITION OF A PRISON SENTENCE CONTRARY TO THE OVERRIDING PURPOSES AND PRINCIPLES OF OHIO'S SENTENCING LAWS."
The facts that are relevant to the issues raised on appeal are as follows. On June 8, 2000, appellant was indicted on one count of murder in violation of R.C. 2903.02(A). On July 27, 2000, appellant entered a plea of guilty to the lesser offense of involuntary manslaughter in violation of R.C. 2903.04(A). Appellant requested a presentence investigation and returned to the trial court for sentencing on August 31, 2000. Despite the fact that this was appellant's first felony conviction and appellant had never served a prison sentence, the trial court imposed a sentence of ten years imprisonment, which is the maximum allowed by law for the offense. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that the trial court did not make sufficient findings as required by the felony sentencing statutes either to exceed the minimum sentence or to impose the maximum sentence for his crime. Upon review of the record in this case, we agree.
As noted above, appellant was charged with the offense of murder, a first-degree felony which carries a potential indefinite sentence of fifteen years to life imprisonment. R.C. 2929.02(B). Appellant, however, pleaded guilty to the lesser charge of involuntary manslaughter, also a first-degree felony. R.C. 2929.04(A). Pursuant to R.C. 2929.13(D), there is a presumption of a prison term for first-degree felonies such as involuntary manslaughter. R.C. 2929.14(A) governs the length of felony prison terms and provides that for a first-degree felony "the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
R.C. 2929.14(B) and (C) govern the imposition of minimum and maximum sentences within this statutory range. R.C. 2929.14(B) states that if the court is required to impose a prison term on the offender and if the offender previously has not served a prison term, as is the case with appellant herein, "* * * the court shall impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." As to imposition of a maximum sentence, R.C. 2929.14(C) states that "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes, * * *."
This court has stated that the imposition of more than the minimum sentence to one first imprisoned, or the imposition of the maximum authorized sentence, requires that the sentencing court make clear on the record that it has considered all of the factors required by statute. See State v. Weidinger (June 30, 1999), Huron App. No. H-98-035, unreported. The Supreme Court of Ohio considered the scope of the statutory phrase "finds on the record" in State v. Edmonson (1999),86 Ohio St.3d 324, after the issue was certified to that court for review and final determination. The Supreme Court found that R.C. 2929.14(B) does not require that the trial court give its reasons for finding that either of the two factors exist before it can lawfully impose more than the minimum authorized sentence, but concluded that "the verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
This court has reviewed the transcript of the sentencing hearing and the trial court's judgment entry of sentence and it appears that the trial court did consider the factors set forth in R.C. 2929.14(B) which justify deviating from the minimum sentence. While it did not address the issue at the hearing, in its judgment entry of sentence the trial court stated that it found "pursuant to O.R.C. § 2929.14(B) that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Because that language can be construed as a "finding on the record" as required by R.C. 2929.14(B) that the trial court based its sentencing decision in part on the factors listed in the statute, we find appellant's argument to be without merit.
As to imposition of a maximum sentence, this court has held that although a trial court need not always use the "magic words" of the statute, substantial compliance is required. See State v. Estrada
(Sept. 18, 1998), Sandusky App. No. S-98-006, unreported. Substantial compliance may be found where there are sufficient findings on the record to support the trial court's sentence. Id. At the sentencing hearing in this case, the trial court made the following statements with respect to imposition of the maximum sentence:
 "* * * Because of the brutality of the offense and the way it all came down, the factors convince me that the maximum sentence is appropriate in this case. * * *
 "I'm going to make the finding that the maximum sentence is necessary because it is not — it is necessary to protect the public, and I'm also going to find that this sentence is necessary not to minimize the nature of the offense. It's not disproportionate to the seriousness of the offender's conduct and the danger which the Defendant poses to the public."
In its judgment entry, the trial court did not refer to R.C. 2929.14(C) at all. Pursuant to R.C. 2929.14(C), the maximum sentence may be imposed only upon offenders who committed the worst forms of the offense, who pose the greatest likelihood of committing future crimes, and upon certain drug offenders or repeat violent offenders. The first two conditions are the only ones which could apply in this case but the trial court did not indicate, either directly or indirectly, at the hearing or in its judgment entry that it had found that appellant had "committed the worst form of the offense" or that he "posed the greatest likelihood of committing future crimes." While we acknowledge that the "magic words" of the statute are not necessary when imposing sentence, in this case the trial court did not use any words even vaguely referring to the applicable statute and the required findings. Accordingly, we must find that the trial court did not substantially comply with R.C. 2929.14(C) in imposing the maximum sentence upon appellant.
Appellant further argues in support of this assignment of error that the trial court's reference at sentencing to the murder charge on which appellant was indicted indicates that the court relied upon factors not enumerated in the relevant statutes when it imposed sentence. In support of this argument, appellant cites the following statement by the trial court: "In my opinion, Brandon, although you don't think that's merciful and your family may not, the Court did not have to accept the plea agreement, nor did the victim's family have to go along with the plea agreement that reduced this charge from murder."
Ohio courts have held that when imposing sentence for a conviction on a lesser included offense, the trial court should not consider the higher offense for which the defendant was not convicted. See, e.g., State v.Wells (1999), 133 Ohio App.3d 392. Appellant argues that the judge's statement indicates that she based the sentence improperly on the higher offense of murder, of which appellant had not been convicted. Upon consideration of the trial court's comment, however, we find that the single reference to the original charge of murder does not rise to the level of improperly relying on the greater offense of murder when determining the sentence for involuntary manslaughter. We therefore find this argument to be without merit.
Because we find that the trial court failed to comply with the requirements of R.C. 2929.14(C) for imposition of the maximum sentence, appellant's first assignment of error is well-taken.
In his second assignment of error, appellant asserts that his sentence is contrary to the purposes and principles of felony sentencing and that the trial court failed to consider the factors listed in R.C. 2929.12 for determining the most effective way to comply with those purposes and principles.
R.C. 2929.11 defines the "overriding purposes" of felony sentencing in Ohio as being "to protect the public from future crime by the offender and others and to punish the offender." The statute further states:
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
R.C. 2929.12(A) tells us that, unless a prison term is statutorily mandated, the effective implementation of the principles set forth in R.C. 2929.11 upon an offender convicted of a felony rests in the sound discretion of the trial court. The statute further states that, in exercising that discretion, the trial court shall consider the factors set forth in divisions (B) and (C) of that section relating to the seriousness of the conduct, the factors set forth in divisions (D) and (E) relating to the likelihood of the offender's recidivism and, in addition, any other factors relevant to achieving the purposes of felony sentencing. In its judgment entry of sentencing, the trial court stated that it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and had balanced the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court further found that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime. The foregoing indicates that the trial court did not abuse its discretion in implementing the principles of sentencing set forth in R.C. 2929.11 and, accordingly, appellant's second assignment of error is not well-taken.
Based upon our finding that the trial court failed to comply with the statutory requirements set forth in R.C. 2929.14(C) with regard to imposition of the maximum sentence, the judgment of the trial court is reversed as to appellant's sentence only and this case is remanded to the trial court for resentencing. Costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, P. J., JUDGES CONCUR.