OPINION
Micki Williams is appealing the judgment of the Montgomery County Common Pleas Court which sentenced her to five years of community control on two counts of unlawful sexual conduct with a minor and designated her a sexually oriented offender.
Micki Williams was indicted on three counts of unlawful sexual conduct with three different minors. On June 28, 2001, Ms. Williams filed a motion to exclude witnesses, and on July 25, 2001, Ms. Williams filed a motion to suppress which was subsequently overruled. On August 6, 2001, Ms. Williams entered a no contest plea to two counts of unlawful sexual conduct with a minor. In exchange, the State nolled the third count and agreed to remain silent on sentencing. Additionally, the State stipulated to a sexually oriented offender designation, waiving any sexual predator hearing and determination. On September 9, 2001, the trial court designated Ms. Williams a sexually oriented offender and sentenced her to a term of community control not to exceed five years. Ms. Williams has filed this timely appeal.
Ms. Williams raises the following assignments of error:
 "1. THE TRIAL COURT ERRED BY RELYING ON AND CONSIDERING DISMISSED EVIDENCE WHEN SENTENCING DEFENDANT.
 "2. THE SEXUALLY ORIENTED OFFENDER FINDING SHOULD NOT HAVE BEEN IMPOSED WITHOUT A HEARING OR SPECIFIC FINDINGS BY THE COURT."
 Appellant's first assignment of error:
Ms. Williams argues the trial court erred in sentencing her when it considered facts involving a third complainant even though the charge involving that complainant had been nolled and when it failed to address R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14 when it imposed a jail sentence on Ms. Williams even though she was a first time offender. We disagree.
A trial court has broad discretion in sentencing a defendant and a reviewing court will not alter the sentence unless the trial court abused its discretion. State v. Yontz (1986), 33 Ohio App.3d 342, 343. An abuse of discretion amounts to more than a mere error of judgment but implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. State ex rel. Lee v. Montgomery, 88 Ohio St.3d 233,235, 2000-Ohio-31.
The Ohio Supreme Court has held that a sentencing court may consider other charges even if they did not result in conviction. State v. Wiles
(1991), 59 Ohio St.3d 71, 78. This Court has previously stated that alleged offenses dismissed pursuant to a plea bargain could be considered by the trial court when it imposes its sentence. State v. Callahan
(Oct. 6, 2000), Montgomery App. No. 18237. Additionally, the eighth appellate district has held that a sentencing court may consider charges that were nolled and dismissed under a plea agreement. State v. Carty
(Nov. 2, 2000), Cuyahoga App. No. 77520. But see State v. Wells (1999),133 Ohio App.3d 392. Ms. Williams relies on Wells, and argues that the trial court erred in considering the third complainant when the charge involving that complainant had been nolled. However, we agree withWiles, Callahan, and Carty and find that a trial court when sentencing a defendant may consider other charges which have been nolled and dismissed as part of a plea bargain. Therefore, we find that the trial court did not abuse its discretion in considering the third complainant when sentencing Ms. Williams even though the charge involving this third complainant had been nolled.
Additionally, Ms. Williams argues that the trial court abused its discretion in failing to consider R.C. 2929.11, R.C. 2929.12, and R.C.2929.14(B), when it imposed a jail sentence. R.C. 2929.13(B)(2)(b) provides:
 "Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in sections 2929.11
of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
R.C. 2929.14(B) only requires the trial court to make certain findings if the court elects to impose a prison sentence upon the defendant. Serving time in a "jail" as a part of community control sanctions is not the same as a prison sentence. State v. Cook (Dec. 7, 2000), Cuyahoga App. No. 77101; R.C. 2929.01(F) (U).
Ms. Williams argues that the trial court failed to make the necessary findings under R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14(B) for imposing her thirty day jail sentence. Since a "jail" sentence is part of a community control sentence and not a prison sentence, the trial court made the necessary findings. As Ms. Williams did not receive a prison sentence no findings under R.C. 2929.14(B) were required. Pursuant to R.C. 2929.11 and R.C. 2929.12, the trial court made the finding that Ms. Williams was a first time offender and that this favored community control sanctions. However, the trial court noted that she had victimized three separate boys and therefore, should serve some small amount of jail time as part of her community control sanctions. We cannot agree that the trial court abused its discretion in its findings and in sentencing Ms. Williams to community control sanctions, including thirty days in jail. Ms. Williams' first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 Ms. Williams argues that the trial court erred in designating her a sexually oriented offender without a hearing and specific findings pursuant to R.C. 2950.01. We disagree.
A defendant who enters into a plea bargain for a particular punishment or consequences which are within the range permitted by statute for the offense waives the right to later assert lack of compliance with statutory provisions that might otherwise result in different procedures or consequences. State v. Coleman (1986), 30 Ohio App.3d 256, 257. This concept has been held to apply to sexual offender designations, finding that a defendant who had stipulated to a sexual offender designation had waived strict statutory compliance. State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924.
Ms. Williams argues that she never stipulated that she was a sexually oriented offender and therefore the trial court erred in failing to hold a sexual predator hearing in Ms. Williams' case. At the plea hearing, the State agreed to stipulate that Ms. Williams is a sexually oriented offender as part of the plea agreement. (8/3/2001 Tr. 3). Ms. Williams agreed that the State had given a correct summary of the plea agreement and said she understood, even though the State had stated that part of the plea agreement was Ms. Williams' designation as a sexually oriented offender. (Id. 3-4, 6). Moreover, Ms. Williams waived the psychological assessment for sentencing because of the stipulation that she was a sexually oriented offender. (Id. at 10-11). The terms of the plea agreement, including the sexually oriented offender designation was once again reviewed at the sentencing hearing and Ms. Williams once again indicated her understanding. (8/31/2001 Tr. 2-4). We find that Ms. Williams may have agreed to the sexually oriented offender designation in order to avoid the harsher sexual predator classification. Therefore, we find that Ms. Williams waived the right to challenge her designation as a sexually oriented offender and that the trial court did not err in failing to hold a sexual predator hearing before making such a designation. Ms. Williams' second assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and FAIN, J., concur.