JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Joseph Casalicchio ("defendant"), appeals from the judgment, final order, and sentence of the trial court. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we uphold the trial court and deny the appeal.
 I. {¶ 2} This case began on February 24, 2000, when the police executed a search warrant at the defendant's home. On July 26, 2000, the defendant was indicted by the Cuyahoga County Grand Jury on a ten-count indictment: count one for the possession of cocaine, in violation of R.C. 2925.11, with a one-year firearm specification; counts two and three for the possession of criminal tools, specifically, blank VIN plates, money, scales, bags and razor blades, in violation of R.C. 2923.24, with one-year firearm specifications; counts four through eight for having a weapon while under a disability, in violation of R.C. 2923.13; count nine for the receipt of stolen license plates, in violation of R.C. 2913.51, with a one-year firearm specification; and count ten for the preparation of marijuana for sale, in violation of R.C. 2925.07, with a one-year firearm specification.
 {¶ 3} On February 27, 2001, the trial court initially sentenced appellant to a total of 33 months incarceration as follows: nine months on count one, possession of drugs, and 12 months on the firearm specification. These counts were to be served consecutively, for a total of 21 months for the possession of drugs and the firearm specification.
 {¶ 4} In addition to the 21 months above, appellant was also sentenced to six months on count two, possession of criminal tools; 12 months on count three, possession of a weapon while under a disability; and six months incarceration on count eight, preparation of marijuana for sale. These counts were to be served concurrently. Therefore, the total on the remaining concurrent counts was 12 months.
 {¶ 5} Appellant was sentenced to 21 months for the possession of drugs and firearm specification, and 12 months for the remaining counts, for a total of 33 months. The trial court did not sentence appellant on counts four through seven, possession of weapons while under a disability, because those counts merged with count three.
 {¶ 6} The conviction above was first appealed to this court on March 30, 2001, and captioned as, State v. Casalicchio, Cuyahoga App. No. 79431, 2002-Ohio-587. The outcome of that first appeal resulted in this court upholding the conviction and remanding the case back to the lower court for resentencing. The defendant was resentenced on November 25, 2002. On December 20, 2002, the defendant appealed the new conviction to this court again, and that case is captioned as State v. Casalicchio, Cuyahoga App. No. 82216, 2002-Ohio-___.
 II. {¶ 7} The defendant's second assignment of error is the most substantial. Therefore, we will initially address the second assignment of error, and then proceed to the first and third assignments of error. Defendant's second assignment of error states that the "Defendant was denied due process of law when he was sentenced to consecutive sentences."
 {¶ 8} This court originally remanded this case back to the trial court for additional clarification regarding the statutory requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) and the reasons behind its findings. R.C. 2929.14(E)(4) establishes that the court may require consecutive terms to protect the public or to punish the offender if the terms are not disproportionate to the seriousness of the conduct. R.C.2929.14(E)(4), (a) — (c), states the following:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Emphasis added.
 {¶ 1} Furthermore, R.C. 2929.19(B)(2), (a)-(e), states that the trial court must give its reasons for selecting the sentence. R.C.2929.19(B)(2) states the following:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
 (b) If it does not impose a prison term for a felony of the first or second degree or for a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code and for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and the basis of the findings it made under divisions (D)(1) and (2) of section 2929.13 of the Revised Code.
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 2} Where the trial court found that consecutive sentences were necessary in order to protect the public from future crime or to punish the defendant, that the consecutive sentences were not disproportionate both to the seriousness of his conduct and to the danger he posed to the public, that he committed these offenses while he was under a community sanction, and that the harm caused was so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct, the trial court made all the requisite findings pursuant to R.C. 2929.19(B) and 2929.14(E)(4). State v. Holmes, Lorain App. No. 01CA007805, 2002-Ohio-309.
 {¶ 3} While it is far preferable for the sentencing entry to specifically address the reasons that support the court's finding under R.C. 2929.14(E)(4), if the findings are discernible from the record, the court has complied with R.C. 2929.19(B)(2)(c); the defendant's criminal record and the nature of the assault of his appointed counsel were sufficient to justify the court's R.C. 2929.14(E)(4) findings and to impose consecutive sentences. State v. Rich, Pickaway, App. Nos. 00CA46, 00CA47, 2001-Ohio-4133.
 {¶ 4} With the above standards in mind, we review the matter before us. On November 25, 2002, after the case was remanded, the record establishes that the trial court judge made the findings required by the statute when she resentenced the defendant. On that date, the trial judge met the R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) statutory requirements when she stated several reasons supporting the court's findings regarding the consecutive sentences:
 "The court doesn't find any reason to punish this defendant more severely than the court had thought originally. The court, however, does find and did so feel at the time of the original sentencing that consecutive sentences in this case is [sic] necessary to protect the public from future crime as well as to punish this offender, and that the consecutive sentences in this case are not disproportionate to the seriousness of the offender's conduct and to the danger this defendant poses to the public." Emphasis added.
 "This court has not counted up how many guns were in this place, which according to the defendant at the time of trial was a vacant home, and to leave that many guns with shotguns — with the bullets and shotgun shells there in a vacant home is a serious danger to the public as well as this offender's conduct who when the police announced — is this the case where they had the big Ram truck? What do you call it? There was a name for that. What was that called? * * *." Emphasis added.
 "They had some name for that during the trial. I can't remember. Well, with all that commotion going on this defendant still chose to hide behind a couch where a firearm was readily available to him to cause damage to the police as they entered. * * * The offender — the offenses here are so great * * *. Okay. I think there's possibly a fourth degree in there; but in any event, no single prison term for a felony five would be enough to reflect the seriousness of this conduct. This is a drug dealer, a drug possessor, a firearms possessor, in a vacant house. It's no wonder to this court that the house would be broken into. It's a known drug dealing house with guns in it. * * *."[1] Emphasis added.
{¶ 1} The court further supported the statutory requirements of R.C. 2929.14(E)(4)(c) and R.C. 2929.19(B)(2) when it mentioned the offender's past criminal conduct history and gave additional reasons for imposing the consecutive sentences.
"The defendant's criminal conduct also demonstrates that consecutivesentences are necessary to protect the public from future crime by thisoffender. This offender's cases go back to 1970. Every time he wasgiven probation throughout that time he violated that, and he has verylittle regard for the law as you can tell by a review of his sentences.Therefore, the court is imposing consecutive sentences in this regard."Emphasis added.[2]
 {¶ 2} Therefore, the trial court properly stated its reasons for the imposition of both the consecutive sentences and the maximum sentence for count three. Furthermore, the trial court made all the requisite findings pursuant to R.C. 2929.19(B) and 2929.14(E)(4).
 {¶ 3} The defendant's second assignment of error is not well taken and therefore denied.
 III. {¶ 4} Defendant's first assignment of error asserts that the "Defendant was denied due process of law when the court relied upon allegations that the jury had found not to be criminal."
 {¶ 5} In the case sub judice, the record demonstrates that the lower court was not solely relying upon the possession of the blank VIN plates, rivets, and other items that were not charged in this case. The findings that the trial court utilized when it sentenced the defendant, as detailed in the transcript cited above, demonstrate that the trial court relied on several factors. Some of these factors included the seriousness of the defendant's conduct, the drugs, the number of guns found, the defendant's extensive criminal past, and the defendant's past disregard for the law.
 {¶ 6} Defendant's reliance on State v. Wills, 133 Ohio App.3d 392, is misplaced. Wills is distinguished from the instant case. The case at bar involved a jury trial and did not involve a plea; furthermore, the facts in the instant case are distinguishable from Wills.
 {¶ 7} Defendant's first assignment of error is not well taken and therefore denied.
 IV. {¶ 8} Defendant's third assignment of error states that "Defendant was denied due process of law when the court relied upon information not presented in open court."
 {¶ 9} The trial court did not improperly rely on information presented outside of open court. This is due to the fact that the trial court used evidence and testimony that was previously given at the trial. The transcript and the record show that the trial court judge was discussing testimony and evidence from the defendant's trial and verdicts and not using improper information.
 {¶ 10} This is demonstrated by reviewing the judge's November 25, 2002, resentencing testimony. The following testimony shows that the trial court judge was utilizing proper evidence; for example, "As I recall the testimony from the trial, * * *;"[3] "If I recall correctly at trial, they found over $4,000 there right;"[4] "But the jury — did the jury find any of those to be credible;"[5] and "Every count that was submitted to the jury so far that I've gone over here was guilty * * *."[6]
 {¶ 11} Therefore, the record demonstrates that the court did not improperly rely upon personal information derived from outside the trial.
 {¶ 12} The defendant's third assignment of error is not well taken and therefore denied.
Judgment affirmed.
ANN DYKE, P.J. and FRANK D. CELEBREZZE, JR. CONCUR
[1] See November 25, 2002, Tr. 11
[2] Tr. 13
[3] Tr. 6
[4] Tr. 7
[5] Tr. 10
[6] Tr. 10