The STATE of Ohio, Appellee,

v.

CALVILLO, Appellant.

[Cite as *State v. Calvillo* (1991), 76 Ohio App.3d 714.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59282.

Decided Nov. 25, 1991.

*Stephanie Tubbs Jones*, Prosecuting Attorney, and *Richard A. Bell*, Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.*, for appellant.

---

DYKE, Judge.

Defendant-appellant, George Calvillo, was indicted on November 30, 1983 in a three-count indictment. The first count charged felonious assault with a firearm and aggravated felony specifications. The second count charged carrying a concealed weapon with a violence specification. The third count charged having a weapon while under disability. Defendant plead not guilty, but, on March 13, 1984, defendant withdrew his plea and entered pleas of guilty to an amended indictment of felonious assault and having a weapon while under disability both without specifications. Count two was nolled.

On January 28, 1985, the court filed its journal entry sentencing defendant to two to fifteen years on count one, felonious assault, and two to five years on count three, having a weapon while under disability.

On March 4, 1985, the trial court entered a nunc pro tunc order in which it corrected defendant's sentence for felonious assault and increased the sentence to three to fifteen years. Defendant, on September 12, 1985 filed a motion requesting an order suspending his sentence and placing him on probation. The trial court overruled defendant's motion.[1]

Defendant assigns four errors for our review.

## I

"The defendant was denied his constitutional rights when the court proceeded to increase the sentence without the presence of the defendant."

## II

"The defendant was denied due process of law and subjected to double jeopardy when his sentence was increased after he was delivered to the institution."

---

1. On October 3, 1991 the state of Ohio filed a motion to dismiss alleging that appellant's appeal is moot because he has been discharged from prison and released from parole. The state has totally failed to support that contention with sufficient evidence. The state attached to its motion an uncertified, unsworn typed statement in support of its allegation. In the absence of proof of its contention, the motion to dismiss on grounds of mootness is denied and this court will address the appeal on the merits.

■ We will deal jointly with defendant's first and second assignments of error as they address similar issues. Defendant argues that he was not present at the time the trial court increased his sentence and therefore the sentence was imposed in violation of Crim.R. 43(A). Defendant next argues that he was subjected to double jeopardy when he was resentenced because the court had no authority at a later time to attempt to modify his sentence.

We agree with defendant's argument that the trial court improperly increased his sentence in his absence.

Crim.R. 43(A) provides that a defendant "shall be present at * * * every stage of the trial, *including* * * * *the imposition of sentence* * * *.*" (Emphasis added.)

In this case the initial void sentence ordered acts not statutorily authorized, *i.e.*, a two-to-fifteen-year sentence for an aggravated felony of the second degree. Thereafter the court corrected the sentence, pursuant to a nunc pro tunc order, to the proper statutory period, *i.e.*, three to fifteen years. See R.C. 2929.11(B)(2)(a).

The record indicates there was no hearing in connection with the change of sentence and that the change resulted in a more severe sentence. A trial court can correct an illegal sentence so long as it is in open court with the defendant present and with a full explanation for resentencing. Crim.R. 43; *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 2 OBR 158, 440 N.E.2d 1365; see, also, *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774; *State v. Welch* (1978), 53 Ohio St.2d 47, 7 O.O.3d 128, 372 N.E.2d 346; *Adams v. Epperly* (1985), 27 Ohio App.3d 51, 27 OBR 54, 499 N.E.2d 374. The argument is well taken; however, a remand for resentencing becomes moot in light of our disposition of the defendant's third and fourth assignments of error.

■ Defendant's argument that double jeopardy attached is not well taken. "Any attempt by a court to disregard statutory requirements * * * renders the attempted sentence a nullity or void. * * * Jeopardy did not attach * * * and, therefore the court's imposition of the correct sentence did not constitute double jeopardy." *Beasley, supra,* 14 Ohio St.3d at 75, 14 OBR at 512, 471 N.E.2d at 775; *State v. Brooke* (Aug. 6, 1987), Cuyahoga App. No. 52408, unreported, 1987 WL 15253.

### III

"The defendant was denied his constitutional rights when the court failed to inform the defendant that he was entering a plea of guilty to non-probationable offenses."

## IV

"The defendant was denied due process of law when the plea of guilty was not knowingly, intelligently and voluntarily entered with a full knowledge of the nature of the offense to which the plea was entered."

Again, we will deal jointly with the third and fourth assignments of error as they both address the circumstances in which defendant's guilty plea was entered.

■ The third assignment of error presents the issue of whether the trial judge substantially complied with Crim.R. 11(C)(2)(a) when he accepted a guilty plea for the nonprobationable crime of carrying a weapon while under disability without informing the defendant that he was not eligible for probation. The fourth assignment of error presents the issue of whether the trial court substantially complied with the remaining requirements set forth in Crim.R. 11(C)(2)(a).[2]

The Supreme Court in *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474, recently addressed the issue of whether a trial court can substantially comply with Crim.R. 11(C)(2)(a) when it accepts a guilty plea without informing a defendant that he was ineligible for probation. The court held:

"*Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a)*, the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant he was not eligible for probation constitutes substantial compliance with Crim.R. 11. (*State v. Stewart* [1977], 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163, followed.)" (Emphasis added.) *Id.* at syllabus. See, also, *State v. Nickerson* (Jan. 18, 1990), Cuyahoga App. No. 56424, unreported, 1990 WL 3159 (Failure to inform defendant that period of

---

2. Crim.R. 11(C)(2) requires:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and *of the maximum penalty involved, and, if applicable, that he is not eligible for probation.*

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

incarceration will contain actual time does not rise to the level of substantial compliance with Crim.R. 11[C][2].).

In *Nero,* the court held that the totality of the circumstances indicated that the defendant knew, prior to giving his plea, that he would not be eligible for probation. In *Nero* defense counsel stated during the hearing to the trial court that defendant knew he was ultimately going to be incarcerated. Further, the defendant Nero asked the court if he could have some time to straighten out his affairs. The Supreme Court stated that in addition to these two facts, the plea itself indicated it was unreasonable for defendant Nero to have reasonably anticipated probation.

In the present case, there is no evidence at the hearing that defendant knew he would be ineligible for probation. Unlike *Nero,* there is no affirmative showing that defendant was informed by counsel or the trial court that ultimately the punishment would be incarceration. The totality of the present circumstances do not show that the defendant knew he was ineligible for probation.[3]

The assignment of error is well taken. Defendant's guilty pleas are therefore vacated and the matter remanded to the trial court for further proceedings.

Defendant, in his fourth assignment of error, argues that his guilty plea was not knowingly, intelligently and voluntarily entered because he was unclear, after the amendments to the indictment were made, as to the nature of the ultimate offenses to which he was being charged. Defendant also argues that because the trial court informed him of the wrong maximum and minimum periods of incarceration his plea was not knowingly entered.

In determining whether a guilty plea is voluntarily, intelligently and knowingly made, courts look to the totality of the circumstances. *State v. Carter* (1979), 60 Ohio St.2d 34, 14 O.O.3d 199, 396 N.E.2d 757; *State v. Billups* (1979), 57 Ohio St.2d 31, 11 O.O.3d 150, 385 N.E.2d 1308.

In *State v. Rainey* (1982), 3 Ohio App.3d 441, 3 OBR 519, 446 N.E.2d 188, paragraph one of the syllabus the court held:

"In order for a trial court to determine that a defendant in a criminal case understands the nature of the charge to which he was entering a guilty plea, *it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that*

---

**3.** Although not determinative of our conclusion, we note that defendant, shortly after he was incarcerated, filed a motion requesting that the further execution of his sentence be suspended and that he be placed on probation.

*the trial court is warranted in making a determination that the defendant understands the charge.*" (Emphasis added.)

In *Rainey,* defendant's contention that he did not understand the nature of the charge was rejected in light of the following: (1) defendant had signed a detailed guilty plea form, (2) the prosecutor in court described the offense as having been committed with a firearm, (3) defendant acknowledged that his attorney had reviewed the law with him, (4) defendant's attorney's stated that he had read the Revised Code to defendant, (5) defendant had conferred with his attorney for one and three-quarter hours prior to the entry of his guilty plea, and (6) defendant was present while the prosecutor recited the facts giving rise to defendant's indictment for murder.

■ The present record, like the record in *Rainey,* demonstrates that defendant knew of the nature of the charges to which he was entering a plea. Defendant's counsel stated at the time of the plea that extensive negotiations had gone on for a period of time regarding the plea and that it was his recommendation that the present plea was advantageous and should be accepted by defendant.[4] The record shows that defendant stated he understood the charges. Defendant was present when the court stated the original charges and when the state amended the charges, *i.e.,* nolled the second count and dropped the specifications. The court then discussed with defendant each of his constitutional rights and defendant responded affirmatively to each inquiry that he understood the rights he was sacrificing. Defendant's argument is not well taken.

■ Lastly, we deal with defendant's contention that the court stated the wrong penalties for the offenses charged. The court stated to defendant that the penalty for felonious assault was a term of five, six, seven, eight, or nine to twenty-five years. In fact the penalty for felonious assault is three, four, five, six, seven or eight to fifteen years. The court stated that the penalty for carrying a weapon while under disability was six months, one year, or one and a half years. In fact, the penalty is one and one-half years, two, two and one-half years, or three to five years.

Defendant was ultimately sentenced to three to fifteen years on felonious assault and two to five years on carrying a concealed weapon. Crim.R. 11(C)(2)(a) requires that a defendant be informed of the "maximum penalty involved." The record clearly demonstrates defendant was not so informed. Even though defendant ended up with a sentence less harsh than that which he thought he would receive, it is conceivable that defendant may not have

---

4. The record shows that the plea was accepted on the day the trial was to have begun and in fact a jury had been empaneled.

entered a plea if he believed the sentence to be less harsh.[5]  The argument is well taken and the guilty plea is vacated on this ground as well as the disposition under the third assignment of error.

Judgment vacated and the cause remanded to the trial court for further proceedings.

*Judgment vacated*
*and cause remanded.*

FRANCIS E. SWEENEY, J., concurs.

JOHN F. CORRIGAN, J., concurs in judgment only.

---

**5.** Perhaps if the defendant knew the correct penalties he would have opted for trial, determining that he was willing to risk that period of incarceration.