DECISION AND JUDGMENT ENTRY
Troy Durham appeals the Meigs County Court of Common Pleas' denial of his post-sentence motion to withdraw his guilty plea. He argues that the trial court erred in overruling his motion to withdraw his guilty plea. We agree because allowing a guilty plea that was not knowingly entered to stand would be a manifest injustice. Durham also argues that the trial court erred in failing to have a hearing on his motion. We find that this argument is moot given our resolution of his other argument. Accordingly, we reverse the judgment of the trial court.
 I.
On May 12, 1997, Durham appeared for his arraignment on a charge of driving under the influence in violation of R.C.4511.19 (A)(1). The trial court informed Durham that the maximum penalty for such a violation is eighteen months in a state penal institution and a five thousand dollar fine. The trial court explained that the mandatory minimum prison term is sixty days. The trial court further explained that there also is a mandatory driver's license suspension from at least three years, but up to a lifetime suspension.
The trial court went on to explain Durham's rights to (1) have the state prove his guilt beyond a reasonable doubt, (2) the assistance of counsel and court-appointed counsel if indigent, (3) confront his accusers, (4) cross-examine witnesses, (5) testify on his own behalf or to remain silent, and (6) compulsory process. Durham signed written waivers of counsel, a jury trial, and a grand jury indictment.
The trial court then accepted Durham's guilty plea. Subsequently, the trial court appointed counsel for Durham's sentencing. Through counsel, Durham moved to withdraw his guilty plea alleging that at the time of the plea he was taking medication and unable to understand the full consequences of his plea. However, Durham later withdrew this motion.
After the sentencing hearing, the trial court sentenced Durham to eighteen months in prison. The trial court later judicially released Durham, ordered him into a treatment center and placed him on community control sanctions. Durham twice violated the terms of his release.
On April 7, 1999, Durham filed a motion to withdraw his guilty plea, which the trial court denied without a hearing. Durham appeals and asserts the following assignments of error:
I. The trial court erred by refusing or failing to conduct a hearing on Appellant's April 7, 1999 Motion to Withdraw Plea.
II. The trial court erred by overruling Appellant's Motion to Withdraw his guilty plea.
 II.
We address Durham's second assignment of error first because it is dispositive. In his second assignment of error, he argues that the trial court erred in overruling his motion to withdraw his guilty plea.
We must affirm a trial court's acceptance of a guilty plea if the trial court substantially complies with the requirements of Crim.R. 11. State v. Stewart (1977), 51 Ohio St.2d 86. Substantial compliance means "under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Carter
(1979), 60 Ohio St.2d 34, 38; State v. Nero (1990) 56 Ohio St.3d 106,108, citing Stewart.
Pursuant to Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. State v.Smith (1977), 49 Ohio St.2d 261, 264. Thus, a trial court may not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea is allowed to stand. State v. Xie (1992),62 Ohio St.3d 521, 525; Smith at paragraph one of the syllabus. The defendant who seeks to withdraw a guilty plea has the burden of proof to show a manifest injustice. Smith at paragraph one of the syllabus.
In general, the failure of a trial court to properly inform a defendant of the maximum penalty applicable to his offense is reversible error. State v. Caplinger (1995), 105 Ohio App.3d 567,572, citing State v. Gibson (1986), 34 Ohio App.3d 146,146-148. See, also, State v. Calvillo (1991), 76 Ohio App.3d 714
(failure of the trial court to inform defendant that he was ineligible for probation rendered guilty plea not knowingly entered; therefore, guilty plea must be vacated); State v.Ashley (Mar. 31, 1993), Medina App. No. 2126-M, unreported.
In his motion to withdraw his guilty plea, Durham alleged that his guilty plea was not entered knowingly and voluntarily because the trial court advised Durham, who appeared pro se, that the maximum possible sentence was eighteen months in prison, when in fact the statutory maximum term is twelve months in jail. See R.C. 2929.16 (A)(3); State v. Ferguson (Aug. 19, 1999), Pickaway App. No. 99CA06, unreported.
Because the trial court did not inform Durham of the correct maximum sentence, Durham could not have knowingly entered his guilty plea. Allowing his guilty plea to stand would be a manifest injustice. Accordingly, we sustain his second assignment of error.
 III.
We do not reach the merits of his first assignment of error because it is moot. See App.R. 12 (A)(1)(c).
 IV.
In sum, we sustain Durham's second assignment of error, find that his first assignment of error is moot and reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ABELE, J.: Concur in Judgment Only.
HARSHA, J.: Concur with Attached Concurring Opinion.
For the Court
BY: _________________________________ ROGER L. KLINE, PRESIDING JUDGE
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.