JOURNAL ENTRY AND OPINION
Defendant-appellant Robinson Oldham contends that his guilty plea to one count of felonious assault, with a firearm specification, was defective and should have been vacated because the trial court did not inform him that he was ineligible for probation before accepting the plea. Because Oldham understood the implications of his plea, we find there was substantial compliance with Crim.R. 11(C)(2) and his conviction is therefore affirmed.
Oldham was indicted on one count of felonious assault, with a firearm specification; one count of having a weapon while under a disability; and one count of attempted murder, with a firearm specification. On May 12, 1999, the date set for trial, Oldham accepted a proposed plea bargain under which he would plead guilty to felonious assault, with a firearm specification, and receive an agreed five-year sentence, consisting of a mandatory three-year term for the gun specification consecutive to a two-year term of incarceration for the felonious assault, the minimum sentence allowed for that second degree felony. In exchange, the two remaining counts would be dismissed. Oldham entered his guilty plea that day and, because he requested additional time to tidy up certain personal matters, the court refrained from imposing sentence that day and scheduled sentencing for May 28, 1999.
On May 17, 1999, Oldham moved to withdraw his guilty plea because the trial court did not inform him that he was not eligible for probation, so his plea was not made knowingly, intelligently, or voluntarily. The court heard the matter on May 28, 1999 and denied Oldham's plea withdrawal motion, because Oldham understood he would not receive probation. The court then sentenced Oldham to the five-year prison term as previously agreed.
Oldham's first assignment of error asserts:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHERE THE TRIAL COURT FAILED TO DETERMINE IF APPELLANT WAS AWARE THAT HE WOULD NOT BE ELIGIBLE FOR PROBATION AS REQUIRED BY CRIM.R. 11(C).
This assignment of error is not well taken.
Oldham does not dispute that the trial court complied with Crim.R. 11(C)(2) by informing him of the constitutional rights Oldham would waive by pleading guilty. Oldham does contend, however, that the trial court did not inform him that he was ineligible for probation, as Crim.R. 11(C)(2)(a) requires. The failure of the trial judge to expressly inform defendant, however, does not require vacation of Oldham's guilty plea if the reviewing court determines that there was substantial compliance with Crim.R. 11(C)(2). State v. Nero (1990), 56 Ohio St.3d 106. As the Supreme Court of Ohio has explained,
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made.
Nero, 56 Ohio St.3d at 108 (citations omitted).
In Nero, the court found that there had been substantial compliance with Crim.R. 11(C)(2)(a) because Nero knew he was going to be incarcerated and even asked for time to straighten out his affairs.[1] Nero therefore knew that he would not receive probation and could not reasonably anticipate a contrary result. The court held that where the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable offense without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11.
In the case at bar, the transcripts of proceedings similarly reflect that Oldham knew he was going to be incarcerated and would not receive probation. The trial court's colloquy with defendant included the following:
 THE COURT: The punishment or possible punishment for the offense you're pleading guilty to here today under the first count of the indictment, that being felonious assault, which is a felony of the second degree carries with it a possible penalty of two, three, four, five, six, seven or eight years in a penal institution and up to a $15,000 fine; do you understand that?
THE DEFENDANT: Yes.
 THE COURT: You, also, understand that as to the firearm specification that carries with it a mandatory three year period of time in a penal institution, that is consecutive to whatever the sentence is on the felonious assault plea; do you understand that?
THE DEFENDANT: Yes.
 THE COURT: All right. Do you, further, understand that it has been agreed as part of the plea arrangement in this case and the has been stated that the Court has agreed to this because the victim has no objection and the detectives involved in this case have no objection that the Court, after a presentence report has been completed at the request of your attorneys, is going to sentence you to the minimum two years incarceration on the felonious assault, plus the three year gun spec, which will be a total of five years; do you understand that?
THE DEFENDANT: Yes.
* * *
 THE COURT: Are you making this plea freely and voluntarily of your own free will and best judgment?
THE DEFENDANT: Yes.
 THE COURT: Do you have any questions about anything that I have said or the prosecutor has stated or that your own attorney has stated?
THE DEFENDANT: No.
(5/12/99 Tr. at 8-11.)
The court thus informed Oldham that he would receive a mandatory three year period of time in a penal institution consecutive to the agreed two years incarceration on the felonious assault * * * which will be a total of five years. Oldham later acknowledged that he asked his lawyer if he could have more time to tidy up several personal matters. (5/28/99 Tr. at 20.) The trial court noted that although its inclination was to sentence Oldham when the plea was entered on May 12, 1999, the court acceded to Oldham's request and deferred sentencing until May 28, 1999. The totality of these circumstances demonstrates that Oldham knew he was going to be incarcerated and that he would not receive probation in lieu of incarceration. Oldham was not prejudiced by the trial court's failure to expressly inform him that he was ineligible for probation. Because we are convinced Oldham entered his guilty plea knowingly, intelligently, and voluntarily, the plea was in substantial compliance with Crim.R. 11(C)(2)(a).
Oldham's reliance on State v. Cavillo (1991), 76 Ohio App.3d 714, is misplaced. In that case, there was no affirmative showing that defendant was informed by counsel or the trial court that ultimately the punishment would be incarceration. Id. at 719. In the instant case by contrast, the record shows that Oldham knew he was going to be incarcerated.
Because we find the trial court substantially complied with Crim.R. 11(C)(2)(a), we overrule Oldham's first assignment of error. Oldham's second assignment of error states:
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
This assignment of error is not well taken.
In State v. Xie (1992), 62 Ohio St.3d 521, the Ohio Supreme Court's syllabus states as follows:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
While a presentence motion to withdraw a guilty plea should be freely and liberally granted, the Xie court found no abuse of discretion in denying Xie's motion even though his counsel misinformed him as to his parole eligibility. Id. at 527.
When deciding whether to grant a presentence motion to withdraw under Crim.R. 32.1, courts consider (1) whether the defendant was represented by highly competent counsel when the pleas were entered; (2) whether the defendant was afforded a full hearing before entering the guilty plea; and (3) whether the defendant is given a complete and impartial hearing on the motion to withdraw during which the court fairly considers the defendant's arguments in support of the motion. See State v. Rosemark (1996),116 Ohio App.3d 306; State v. Peterseim (1980), 68 Ohio App.2d 211.
In this case, we discern no abuse of discretion by the trial court in denying Oldham's presentence motion to withdraw his guilty plea. Oldham sought to withdraw his guilty plea on the grounds that the trial court did not inform him that he was ineligible for probation. As previously indicated, the court substantially complied with Crim.R. 11(C)(2)(a) in informing Oldham that he would be incarcerated for five years.[2] The court fairly considered Oldham's arguments in support of his plea withdrawal request. Oldham indicated, moreover, he was satisfied with his legal representation.
Because Oldham did not demonstrate a reasonable and legitimate basis to withdraw his plea, the trial court did not abuse its discretion in denying his plea withdrawal motion. The second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and ANNE L. KILBANE, J., CONCUR.
 _________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] The trial court in that case denied Nero's request and proceeded immediately to sentence him.
[2] Oldham's reliance on State v. Hyatt (1996), 116 Ohio App.3d 418, is misplaced because the record there showed that the state and the defendant mistakenly believed the offense was probationable when in fact it was not. No comparable mistake is reflected by the record before us.