JOURNAL ENTRY and OPINION
{¶ 1} Appellant Ricky Buzzard appeals from his guilty pleas following indictment for aggravated robbery, felonious assault, and attempted rape. Each count contained a notice of prior conviction and a repeat violent offender specification. Additionally, the felonious assault charge carried a sexual motivation specification, and the attempted rape charge carried a sexually violent predator specification.
{¶ 2} Although now represented by counsel, Buzzard initiated this appeal pro se and assigned the following as errors:
 {¶ 3} I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED APPELLAN'S [SIC] GUILTY PLEA IN VIOLATION OF R.C. 2945.05 WITHOUT FIRST OBTAINING A WRITTEN AND SIGNED WAIVER TO A JURY TRIAL FROM APPLICANT.
 {¶ 4} II. APPELLANT, RICKY BUZZARD, WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT LABELLED [SIC] HIM A SEXUAL PREDATOR CONTRARY TO THE PROVISIONS OF R.C. 2950.09, THEREBY ABUSING ITS DISCRETION.
 {¶ 5} III. APPELLANT, RICKY BUZZARD, WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN THE TRIAL COURT ERRED BY ITS FAILURE TO NOTIFY HIM THAT IT INTENDED TO HOLD A SEXUAL PREDATOR CLASSIFICATION HEARING IN ACCORDANCE WITH R.C. 2950.09.
{¶ 6} After Buzzard obtained counsel, we accepted another brief which assigned the following errors:
 {¶ 7} IV. APPELLANT'S PLEAS WERE IN VIOLATION OF CRIM. R. 11 AND MUST BE VACATED AS NEITHER KNOWINGLY OR VOLUNTARILY ENTERED.
 {¶ 8} V. THE TRIAL COURT IMPROPERLY IMPOSED CONSECUTIVE SENTENCES IN THE CASE AT BAR, IN VIOLATION OF R.C. 2929.14, AND FAILED TO STATE REASONS FOR THE IMPOSITION OF CONSECUTIVE SENTENCES, IN VIOLATION OF R.C. 2929.19.
{¶ 9} Because we did not strike Buzzard's pro se brief, we herein consider all five assigned errors. Having reviewed the record and pertinent law, we affirm in part and reverse in part the decision of the trial court, and remand this case for resentencing. The apposite facts follow.
{¶ 10} On March 9, 2000, Buzzard pled guilty to each count in the indictment. On May 31, 2000, the court held another hearing at which it vacated Buzzard's plea because it had not sufficiently advised Buzzard that the sexually violent predator specification carried a potential life-term of imprisonment. Also at the May 31, 2000 hearing, the court accepted Buzzard's new guilty plea to the first two counts as charged, as well as the third count amended by deleting the sexually violent predator specification and adding a sexual predator specification. Further, the court agreed not to sentence Buzzard for the three repeat violent offender specifications which carried a cumulative potential of thirty years imprisonment.
{¶ 11} In his first assigned error, Buzzard argues the trial court erred by accepting his plea without first obtaining his written and signed jury waiver in violation of R.C. 2945.05. We disagree.
{¶ 12} R.C. 2945.05 provides:
 {¶ 13} In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *.
 {¶ 14} Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
{¶ 15} As is plain from the conjunctive first sentence of R.C.2945.05, the trial court must obtain from the defendant a written and signed jury waiver if the defendant will proceed to a bench trial. This statute has no application where a criminal defendant has pled guilty and will not be subject to trial.[1] The guilty plea itself waives a trial, whether by judge or jury, thereby obviating a written and signed jury waiver as contemplated by R.C. 2945.05.[2] Accordingly, Buzzard's first assigned error is without merit.
{¶ 16} In his second and third assigned errors, Buzzard argues the trial court erred by labeling him a sexual predator without a determination hearing and contrary to the provisions of R.C. 2950.09. We disagree.
{¶ 17} As part of his plea, Buzzard agreed to be classified as a sexual predator. Consequently, no hearing was necessary and the trial court was not required to follow the procedures set forth in R.C. 2950.09. Accordingly, Buzzard's second and third assigned errors are without merit.
{¶ 18} In his fourth assigned error, Buzzard argues the trial court erred by accepting his plea without determining whether it was made knowingly or voluntarily, thus violating Crim.R. 11(C). We disagree.
{¶ 19} In resolving whether a criminal defendant knowingly and voluntarily entered a plea, our query is whether the trial court adequately guarded constitutional or non-constitutional rights promised by Crim.R. 11(C).[3] The applicable standard of review depends upon which rights the appellant raises on appeal. We require strict compliance if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c); alternatively, if the appellant raises a violation of a non-constitutional right found in Crim.R. 11(C)(2)(b), then we look for substantial compliance.
{¶ 20} Presently, Buzzard alleges the trial court violated non-constitutional rights by misleading or coercing him into pleas. Consequently, we resolve Buzzard's assigned error by determining whether the trial court substantially complied with Crim.R. 11(C). Under this lesser standard, a reviewing court must look to the totality of circumstances surrounding the plea,[4] or as stated by the Ohio Supreme Court:[5]
 {¶ 21} Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have been made otherwise.[6]
{¶ 22} Here, the trial court individually detailed each charge against Buzzard and fully explained the consequences of his guilty pleas. After explaining each element, the court asked Buzzard if he understood its import. Each time, Buzzard replied affirmatively. We fail to see what more the court could have done to further educate Buzzard regarding his plea.
{¶ 23} Buzzard complains that the trial court misled or coerced him into his plea. To the contrary, the record demonstrates the trial court adequately informed and advised Buzzard in full compliance with Crim.R. 11(C). Accordingly, Buzzard's fourth assigned error is without merit.
{¶ 24} In his fifth assigned error, Buzzard argues the trial court erred by imposing consecutive sentences in violation of R.C.2929.14 and R.C. 2929.19. We agree.
{¶ 25} In imposing consecutive terms, the trial court must make findings under R.C. 2929.14(E)(4) and give its reasons for those findings according to R.C. 2929.19(B)(2)(c).[7]
{¶ 26} R.C. 2929.14(E)(4) states:
 {¶ 27} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 28} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 29} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 30} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 31} Here the only language the trial court used resembling that required by R.C. 2929.14 is as follows:
 {¶ 32} THE COURT: And there is also, because they are felonies of the first degree, Count 1 is a felony of the first degree, there is a presumption that you go to prison in them.
 {¶ 33} And the other two counts, there is also a presumption that you go to prison because they are felonies of the first and second degree.
 {¶ 34} I will state that the presumption for a felony of the first degree and second degree are only rebutted if two things are found, and that is that placing you on probation would adequately protect and punish you and it would not demean the seriousness of these offenses.
{¶ 35} Although the language regarding protecting the public and demeaning the seriousness of the offense are familiar to R.C.2929.14(E)(4), the court is clearly referring to the imposition of prison time in general, not to the imposition of consecutive sentences. In fact, such language as the court used here is also found in R.C.2929.14(B), pertaining to imposition of greater than the minimum allowable prison term. Considering the context of the court's statements and the fact that the court deviated from minimum sentences, we determine the court is reference to protecting the public and demeaning the seriousness of the offense is relevant to R.C. 2929.14(B), not R.C.2929.14(E).
{¶ 36} Because the court did not satisfy R.C. 2929.14(E), Buzzard's fifth assigned error has merit.
{¶ 37} Without disturbing the trial court's entry of judgment according to Buzzard's plea, we vacate Buzzard's sentence and remand this case to the trial court for resentencing.
Judgment reversed in part and affirmed in part. Cause remanded for resentencing.
This cause is affirmed in part, reversed in part and remanded for resentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Martin v. Maxwell (1963), 175 Ohio St. 147, 191 N.E.2d 838;State v. Smith, 2001 Ohio App. LEXIS 5290 (Nov. 29, 2001) Cuyahoga App. No. 79292.
[2] Id. citing, Matey v. Sacks (C.A.6, 1960), 284 F.2d 335, 338.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.
[4] Nero, supra at 106; State v. Carter (1979), 60 Ohio St.2d 34,396 N.E.2d 757; State v. Collins, 2001 Ohio App. LEXIS 3031 (July 5, 2001) Cuyahoga App. No. 78596; State v. Rainey (1982), 3 Ohio App.3d 441,442, 446 N.E.2d 188; State v. Calvillo (1991), 76 Ohio App.3d 714,603 N.E.2d 325.
[5] Nero, supra at 108.
[6] Id., internal citations omitted.
[7] State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238; State v.Anderson,, Cuyahoga App. No. 78887, 2001-Ohio-4297; State v. Haamid,
2001 Ohio App. LEXIS 2876 (Jun. 28, 2001), Cuyahoga App. Nos. 78220 and 78221; State v. Daniels, 2001 Ohio App. LEXIS 1881 (Apr. 26 2001), Cuyahoga App. No. 77998.