JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Osorio ("appellant"), appeals his conviction and sentencing in the Cuyahoga Common Pleas Court for trafficking in cocaine. For the reasons that follow, we affirm.
 {¶ 2} On April 6, 1999, appellant was indicted by the Cuyahoga County Grand Jury in a multiple-count indictment for possession of drugs[1] with a firearm specification, trafficking in cocaine[2] with a firearm specification and possessing criminal tools[3] for his actions occurring on February 19, 1999. Appellant was also indicted for one count of trafficking in cocaine for his actions occurring on February 17, 1999.
 {¶ 3} Subsequently, appellant entered into a plea agreement with the State whereby the State agreed to delete the firearm specification from the trafficking in cocaine count, making the charge a first degree felony, and nolled the remaining charges. On December 9, 1999, appellant appeared in court where he was admittedly advised of his constitutional rights, bad time and mandatory post-release control for up to five years. Appellant was also advised of the mandatory fine of up to $20,000 and the suspension of his Ohio's driver's license for a period of between six months and five years. Appellant then withdrew his formerly entered plea of not guilty and entered his plea of guilty to trafficking in cocaine as amended in count two. The court released appellant on bail and until the sentencing date of January 13, 2000, and ordered a presentence investigation report.
 {¶ 4} Thereafter, appellant failed to appear for sentencing and a capias was issued. Appellant was brought before the court and on March 27, 2002, the court imposed its sentence upon appellant of three years imprisonment and the suspension of his Ohio's driver's license for a period of one year.
 {¶ 5} Appellant submits three interrelated assignments of error for our review, which we review together.
 {¶ 6} "I. Defendant was denied due process of law when his plea of guilty was not knowingly, intelligently and voluntarily entered.
 {¶ 7} "II. Defendant was not properly informed that he was pleading guilty to an offense which required a mandatory prison term.
 {¶ 8} "III. Defendant was denied due process of law when the court did not properly inform the defendant of the nature of the offense to which he was entering a plea of guilty."
 {¶ 9} First, appellant argues that he was led to believe that he would get some benefit when he entered a plea of guilty. Appellant's contention is that the deleted firearm specification alleged only that a co-defendant had a firearm on or about his person, not appellant. Therefore, no firearm specification was alleged as to appellant and he was misinformed that it applied to him. Based upon this reasoning, appellant claims that his guilty plea was not knowingly, intelligently or voluntarily entered.
 {¶ 10} Crim.R. 11(C)(2) governs the acceptance of guilty pleas in felony cases and provides, in part:
 {¶ 11} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 13} The standard of review in determining whether the trial court complied with Crim.R. 11 when accepting a plea is de novo. Statev. Stewart (1977), 51 Ohio St.2d 86. An appellate court must examine the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11(C). Id. at 92-93. Substantial compliance with Crim.R. 11(C) requires that the trial court engage the defendant in a reasonably intelligible dialogue on the record. State v.Ballard (1981), 66 Ohio St.2d 473.
 {¶ 14} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." State v. Nero
(1990), 56 Ohio St.3d 106, 108 (citations omitted.)
 {¶ 15} The transcript reveals the following exchanges:
 {¶ 16} "MR. TORRES: As the Court stated, Your Honor, this is a five-count indictment.
 {¶ 17} "Your Honor, count two of the indictment is trafficking in cocaine, in violation of Revised Code Section 2925.03, that on February 19, 1999, the defendant did knowingly sell or offer to sell a controlled substance, to-wit: cocaine, a Schedule II drug, in an amount greater than 500 grams, but not exceeding 1,000 grams. Your Honor, this indictment also contains a firearm specification, which the State would request to be deleted at this time.
 {¶ 18} "The offense, as amended, Your Honor, is a felony of the first degree, punishable by a term of incarceration of three, four, five, six, seven, eight, nine, up to ten years of incarceration. And I believe there is a mandatory, non-probationable offense. It also has a mandatory fine of up to $20,000.
 {¶ 19} "Your Honor, it's the State's understanding that the Defendant will now plead guilty to this count of the indictment.
 {¶ 20} "And the Defendant will forfeit a cell phone — two cell phones, Your Honor.
 {¶ 21} "No other threats or promises have been made to induce —
 {¶ 22} "THE COURT: And nolle the remaining counts?
 {¶ 23} "MR. TORRES: Yes, Your Honor.
 {¶ 24} "THE COURT: Mr. Shannon.
 {¶ 25} "MR. SHANNON: Judge, I have explained to Robert Osorio all of his constitutional rights, and he understands those rights. And he understands the possible penalties here being somewhere between three and ten years. He understands that there is a mandatory sentence, and there is no possibility of probation or community control sanctions at this time.
 {¶ 26} "* * *
 {¶ 27} "THE COURT: You heard that Mr. Howard, the prosecutor, asked the Court to amend the second count of this indictment by deleting the firearm specification, making the offense now a trafficking in cocaine, a non-probationable felony of the first degree, punishable by a possible prison term of from three, four, five, six, seven, eight, nine, up to ten years. Do you understand?
 {¶ 28} "THE DEFENDANT: Yes, I do.
 {¶ 29} "THE COURT: Is there an agreed-upon sentence?
 {¶ 30} "MR. SHANNON: No, Judge.
 {¶ 31} "THE COURT: And do you understand that by pleading guilty to this non-probationable charge here today you will be admitting that you are guilty of each and every element of that offense?
 {¶ 32} "THE DEFENDANT: I do.
 {¶ 33} "THE COURT: But what you also need to know, Mr. Osorio, is whatever sentence imposed in that three to ten-year range will be an actual amount of time that you will serve. There is no longer good time credit. * * *
 {¶ 34} "THE COURT: Do you understand that I can impose a sentencing range of from three to ten years? You understand?
 {¶ 35} "THE DEFENDANT: I understand."
 {¶ 36} While it is true that appellant was not alleged to have had a firearm on or about his person, appellant's argument is nonsensical whereas, at the outset of the plea hearing, the State requested that the firearm specification be deleted from the charges against appellant. Thus, according to the plea agreement with the State, appellant pleaded guilty to only one count of trafficking in cocaine, rather than two counts of trafficking in cocaine, possession of drugs and possessing criminal tools. The remaining charges against appellant were dropped and the counts were nolled.
 {¶ 37} Appellant's reliance on State v. Calvillo (1991),76 Ohio App.3d 714, is misplaced. In Calvillo, the trial court failed to inform the defendant that he was ineligible for probation. We are not presented with facts such as this. Appellant was fully informed of the "nature of the charge" against him, which did not include the firearm specification. Further, the transcript demonstrates that appellant understood the implications and consequences of his guilty plea to the trafficking in cocaine charge. Appellant has not presented this court with any evidence of a prejudicial effect. Appellant did not plead guilty to a firearm specification. Appellant's assertion that his guilty plea was not entered knowingly, intelligently and voluntarily is without merit and accordingly, his first assignment of error is overruled.
 {¶ 38} Next, appellant argues that while he was informed that the offense was not probationable, the court did not inform him that the offense carried mandatory time.
 {¶ 39} R.C. 2925.03(C)(4)(f) provides for the mandatory prison term for trafficking in cocaine, as follows:
 {¶ 40} "If the amount of the drug involved equal or exceeds five hundred grams but is less than one thousand grams of cocaine that is not crack cocaine * * *, trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."
 {¶ 41} R.C. 2929.14(A)(1) provides the prison terms prescribed for a first degree felony, as follows:
 {¶ 42} "For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
 {¶ 43} In the instant case, appellant pleaded guilty to trafficking in cocaine, a first degree felony with a mandatory prison term. Appellant relies on State v. Nickerson (Jan. 18, 1990), Cuyahoga App. No. 56424, wherein this court held that the failure of the trial court to advise the defendant that the sentence carried actual incarceration did not substantially comply with Crim.R. 11(C)(2). However, we are not presented with similar facts in the instant case. Here, the trial court clearly stated to appellant that the prison term would be the actual time of imprisonment.
 {¶ 44} Appellant also relies on Calvillo, supra, wherein this court held that the failure of the trial court to inform the defendant that he was ineligible for probation was not substantial compliance with Crim.R. 11(C)(2). Again, the facts of this case differ from those inCalvillo. Here, the transcript demonstrates that the trial court informed appellant several times that the offense was non-probationable and that the sentence would carry a term of actual imprisonment.
 {¶ 45} Appellant's argument belies the evidence presented. Before appellant entered his guilty plea, his defense counsel undeniably informed the court, that appellant "* * * understands the possible penalties here being somewhere between three and ten years. He understands that there is a mandatory sentence, and there is no possibility of probation or community control sanctions at this time."
 {¶ 46} We find no merit in appellant's second assignment of error. After reviewing the plea colloquy as a whole, it is clear that the trial court repeatedly informed appellant that he was ineligible for probation and that he would serve actual time. Appellant understood the "maximum penalty involved" and the "nature of the charge" in substantial compliance with Crim.R. 11(C)(2)(a). It is abundantly clear, that appellant was informed that a prison term of between three and ten years could be imposed. In fact, the trial court imposed only the minimum sentence of three years. We find no evidence that appellant's guilty plea was not knowingly, intelligently and voluntarily entered. See, State v.Martin (May 2, 1991), Cuyahoga App. No. 60235. Thus, appellant's second assignment of error is overruled.
 {¶ 47} Lastly, appellant argues that he did not understand the nature of the offense because there were two counts of trafficking in cocaine, stemming from his actions on two different dates, February 17, 1999 and February 19, 1999. Appellant contends that the offense was not identified. We disagree. The prosecutor clearly stated that Count Two of the indictment was trafficking in cocaine, in violation of R.C. 2925.03, and that on February 19, 1999, appellant knowingly sold or offered to sell cocaine in an amount greater than 500 grams, but not exceeding 1,000 grams. The prosecutor then informed the court that the offense, as amended, was a felony of the first degree, punishable by a term of imprisonment between three and ten years.
 {¶ 48} Appellant further claims that the trial court failed to state the elements of the offense on the record. This court recently addressed the trial court obligation with respect to the recitation of the elements of an offense in State v. Turner (Jul. 25, 2002), Cuyahoga App. No. 80317, as follows:
 {¶ 49} "Although the court did not, as [the defendant] complains, recite the elements of his offenses, the court's explanations in this regard established that [the defendant] understood the nature of the state's charges. See State v. Rainey (1982), 3 Ohio App.3d 441, 3 Ohio B. 519, 446 N.E.2d 188 (in order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge, it is not always necessary that the court advises the defendant of the elements of the crime, provided the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge); State v. Arafat (Oct. 5, 2000), Cuyahoga App. No. 76765, (an understanding of the charge does not equate to a detailed recitation of the elements of an offense).
 {¶ 50} "Because the court substantially complied with the requirements of Crim.R. 11(C)(2)(a), its failure to recite the elements of the offenses does not constitute prejudicial error warranting a vacation of his guilty pleas. See, e.g., State v. Alamo (April 21, 1994), Cuyahoga App. No. 64096."
 {¶ 51} Similarly, the transcript demonstrates that appellant was aware of the nature of the charge, trafficking in cocaine, which occurred on February 19, 1999. Likewise, appellant was aware of the consequences and implications of his guilty plea. In response to the trial court inquiry, appellant stated that he understood this. We find that the trial court substantially complied with Crim.R. 11(C)(2)(a) and that there is no merit to appellant's third assignment of error, which is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 2925.11.
[2] R.C. 2925.03.
[3] R.C. 2923.24.